**Original filed 5/10/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICKEY LOUIS ALFORD, | ) | No. C 06-4441 JF (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING MOTIONS TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | ) | |
| | ) | |
| FRANK ALAMEDA, et al., | ) | |
| Respondents. | ) | |
| | ) | (Docket Nos. 2, 4) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed two motions to proceed in forma pauperis. The Court will GRANT Petitioner's motions to proceed in forma pauperis (docket nos. 2, 4) and DISMISS the instant petition with leave to amend.

**DISCUSSION**

A.   Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to

show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.   Petitioner's Claims

Petitioner challenges his Monterey Superior Court criminal conviction for assault on a correctional officer.  As grounds for relief, Petitioner alleges: "[u]sing a technique and methodology to leave engine in the car, without taking engine out," and that numerous Doctors attacked and kidnaped pursuant to Penal Code § 207.  See Petition at 7.

The Court concludes that Petitioner's claims are not cognizable under § 2254.  A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  In other words, a writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)), cert. denied, 478 U.S. 1021 (1986).  Here, Petitioner fails to allege any violation of federal law, treaty, or the constitution in his petition.  The Court will DISMISS the instant petition with leave to amend in order for Petitioner to correct these deficiencies.

## CONCLUSION

1.   Petitioner's motions to proceed in forma pauperis (docket nos. 2, 4) are GRANTED.

2.   The instant petition is DISMISSED with leave to amend within **thirty (30) days** from the date of this order.  The amended petition must include the caption and civil case number used in this order (C 06-4441 JF (PR)) and the words "AMENDED PETITION" on the first page.

1  The amendment shall be on the Court's form for habeas petitions, **a copy of which is**
2  **enclosed with Petitioner's copy of this order.**

3  Petitioner shall take care to write clearly and legibly, so that the Court can read
4  what he writes.  He must clearly state what conviction he is challenging and raise only
5  one conviction for each habeas petition he files.  Petitioner shall allege specific federal
6  law or constitutional violations and any supporting facts in his grounds for relief.  **Failure**
7  **to file an amended petition will result in the Court dismissing the instant habeas**
8  **action without prejudice for failure to state a cognizable claim pursuant to 28 U.S.C.**
9  **§ 2254.**

10  3.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep
11  the Court informed of any change of address and must comply with the Court's orders in
12  a timely fashion.  Failure to do so may result in the dismissal of this action for failure to
13  prosecute pursuant to Federal Rule of Civil Procedure 41(b).

14  IT IS SO ORDERED.
15  DATED:  5/10/07
16  JEREMY FOGEL
    United States District Judge

Order Granting Motions to Proceed in Forma Pauperis; Order of Dismissal with Leave to Amend
P:\pro-se\sj.jf\hc.06\Alford441ifpdwlta         3

1   A copy of this ruling was mailed to the following:

2

3   Rickey Louis Alford
    J-39242
    CSP - Salinas Valley IV
4   P.O. Box 1060
    Soledad, CA  93960

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Motions to Proceed in Forma Pauperis; Order of Dismissal with Leave to Amend
P:\pro-se\sj.jf\hc.06\Alford441ifpdwlta            4